# SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiff, Janet Dexter ("Plaintiff"), individually and on behalf of the classes described below (hereinafter referred to collectively as the "Settlement Classes"), and Cardinal Ridge Residential Care, LLC ("Defendant") (collectively, the "Parties"), conditioned upon entry by the Court of a final order and judgment approving the Agreement and dismissing with prejudice all claims encompassed by the Agreement.

## RECITALS AND BACKGROUND

A.     On September 15, 2020, Plaintiff filed a collective and class action Complaint in the U.S. District Court for the Eastern District of Wisconsin asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the Wisconsin wage payment and overtime laws, Wis. Stat. §§ 103, 104, 109, *et seq* ("WWPCL"), captioned *Janet Dexter v. Cardinal Ridge Residential Care, LLC,* Case No. 20-cv-1441 (the "Litigation").

B.     Defendant disputes the material allegations contained in Plaintiff's Complaint as to fact and law and denies any liability to the Plaintiff or members of the proposed Settlement Classes.

C.     Plaintiff asserts claims on behalf of herself and similarly situated current or former employees that Defendant violated the FLSA and the WWPCL. In particular, Plaintiff asserts collective claims against Defendant under the FLSA (hereinafter simply "FLSA Claims") and companion state law claims against Defendant under the WWPCL (hereinafter simply "WWPCL Claims") for allegedly failing to include non-discretionary compensation in hourly-paid, non-exempt employees' regular rates of pay, including, Plaintiff's regular rate of pay, for overtime compensation purposes.

D.     Since the filing of the Complaint, the Parties have exchanged information and documents related to Plaintiff's claims and Defendant has further investigated those claims. Following this exchange and investigation, the Parties engaged in substantial settlement negotiations, which concluded with the Parties reaching a settlement in principle, regarding the disputes which are or could have been brought in the Litigation. This Agreement reflects the understanding of the Parties.

E.     The purpose of this Agreement, without admitting or conceding any liability, is to fully and finally resolve the claims under the FLSA and the WWPCL as alleged in the Complaint, and the Parties have agreed to settle the claims under the FLSA and the WWPCL.

F.     For purposes of settlement only, the Parties seek conditional certification of the following opt-in settlement class pursuant to 29 U.S.C. § 216(b):

FLSA Collective. All individuals who worked as hourly-paid, non-exempt employees at Defendant between September 15, 2017 and September 15, 2020, who worked in excess of forty (40) hours during a workweek and, during any workweek in which the employee worked in excess of forty (40) hours, received a form of non-discretionary compensation, including monetary bonuses, incentives, shift differentials, awards, and/or other rewards and payments.

G.     For purposes of settlement only, the Parties seek certification of the following opt-out settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

<u>WWPCL Class.</u> All individuals who worked as hourly-paid, non-exempt employees at Defendant between September 15, 2018 and September 15, 2020, who worked in excess of forty (40) hours during a workweek and, during any workweek in which the employee worked in excess of forty (40) hours, received a form of non-discretionary compensation, including monetary bonuses, incentives, shift differentials, awards, and/or other rewards and payments.

F.     Plaintiff's Counsel, Walcheske & Luzi, LLC, among other things, has analyzed and evaluated the merits of the FLSA Claims and WWPCL Claims made against Defendant, has conducted interviews with prospective witnesses, engaged in both formal and informal exchange of information with Defendant's counsel, has obtained and reviewed documents relating to Defendant's compensation policies and practices, and has analyzed payroll data. Based upon this analysis and the evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that the FLSA Claims and WWPCL Claims, if not settled expeditiously, might result in a less favorable recovery, or no recovery at all, Plaintiffs' Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interests of Plaintiff and those individuals for whom she seeks to represent, namely the Settlement Classes.

G.     By entering into the Agreement, Defendant does not admit any liability or wrongdoing and expressly denies the same. It is expressly understood and agreed by the Parties that the Agreement is being entered into by Defendant solely for the purpose of avoiding the costs and disruption of ongoing litigation and to settle all outstanding claims. Nothing in the Agreement, the settlement proposals exchanged by the Parties, or any motions filed or Orders entered pursuant to the Agreement, is to be construed or deemed as an admission by Defendant of any liability, culpability, negligence, or wrongdoing, and the Agreement, each of its provisions, its execution, and its implementation, including any motions filed or Orders entered, shall not in any respect be construed as, offered, or deemed admissible as evidence, or referred to in any arbitration or legal proceedings for any purpose, except in an action or proceeding to approve, interpret, or enforce the Agreement. Furthermore, neither the Agreement, any motions filed, settlement proposals exchanged by the Parties, Orders entered pursuant to the Agreement, nor any class or conditional certification granted pursuant to the Agreement and corresponding documents shall constitute an admission, finding, conclusion, or evidence that any requirement for class certification has been satisfied in this Litigation or any other action, except for the limited settlement purposes pursuant to the terms of the Agreement. This Agreement shall be inadmissible as evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the FLSA Claims and WWPCL Claims on the following terms and conditions.

1.  **DEFINITIONS**

    The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1 "Class Members" mean those individuals who do not affirmatively opt-out of the Settlement within forty-five (45) calendar days[1] following service of the Notice Packet. "Class Members" are defined as all individuals who worked as hourly-paid, non-exempt employees at Defendant between September 15, 2018 and September 15, 2020, who worked in excess of forty (40) hours during a workweek and, during any workweek in which the employee worked in excess of forty (40) hours, received a form of non-discretionary compensation, including monetary bonuses, incentives, shift differentials, awards, and/or other rewards and payments.

1.2 "Collective Members" mean those individuals who file a Consent to Join Form within forty-five (45) days following service of the Notice Packet. "Collective Members" are defined as all individuals who worked as hourly-paid, non-exempt employees at Defendant between September 15, 2017 and September 15, 2020, who worked in excess of forty (40) hours during a workweek and, during any workweek in which the employee worked in excess of forty (40) hours, received a form of non-discretionary compensation, including monetary bonuses, incentives, shift differentials, awards, and/or other rewards and payments.

1.3 "Complaint" means the federal court Complaint dated September 15, 2020 that was filed in the United States District Court for the Eastern District of Wisconsin (Green Bay Division) and captioned *Janet Dexter v. Cardinal Ridge Residential Care, LLC,* Case No. 20-cv-1441, and any and all amendments thereto.

1.4 "Court" means the United States District Court for the Eastern District of Wisconsin.

1.5 "Defendant" means Cardinal Ridge Residential Care, LLC.

1.6 "Defendant's Counsel" means Davis & Kuelthau, s.c.

1.7 "Employer Payroll Taxes" means all taxes and withholdings an employer is required to withhold arising out of or based upon the payment of employment/wage compensation applicable to the allegations of the Complaint and arising under this Agreement, including but not limited to FICA, FUTA, and SUTA obligations, which are not included in the Gross Settlement Amount.

1.8 "FLSA Claims" mean all claims brought by Plaintiff, on behalf of herself and all other similarly situated employees of Defendant, pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. §§ 201 et seq. as alleged in the Complaint.

1.9 "FLSA Collective" shall be comprised of all Collective Members.

---

[1]     Any reference to days herein shall mean calendar days unless otherwise stated.

**1.10** "Gross Settlement Amount" means Sixteen Thousand, Five Hundred and Fifty-One Dollars and Eighty Cents ($16,551.80), which is the maximum amount that Defendant has agreed to pay to fully resolve and settle the FLSA Claims and WWPCL Claims, and which include any claim for attorneys' fees and costs approved by the Court, any and all amounts to be paid to the Settlement Class, and any Court-approved Service Award to Plaintiff. Defendant will not be required to pay any more than the Gross Settlement Amount, except for the Employer Payroll Taxes.

**1.11** "Litigation" means the action pending in the United States District Court for the Eastern District of Wisconsin (Green Bay Division) captioned *Janet Dexter v. Cardinal Ridge Residential Care, LLC,* Case No. 20-cv-1441.

**1.12** "Named Plaintiff" means Janet Dexter.

**1.13** "Net Settlement Fund" means the remainder of the Gross Settlement Amount after deductions, payments, and/or allocations for: (a) Court-approved attorneys' fees and costs to Plaintiffs' Counsel; and (b) a Court-approved Service Award for Named Plaintiff.

**1.14** "Notice Packet" refers to, collectively, the Notice of Class and Collective Action and Proposed Settlement and any exhibits thereto.

**1.15** "Notice Period" shall mean be a period of forty-five (45) calendar days following service of the Notice Packet.

**1.16** "Order Granting Approval of Settlement" or "Final Approval Order" means an Order to be entered by the Court which gives final approval to the Settlement and this Agreement, and enters Final Approval, dismissing the FLSA Claims and WWPCL Claims with prejudice.

**1.17** "Parties" collectively means the Named Plaintiff, individually and on behalf of the Collective Members and Class Members whom she purports to represent, and Defendant.

**1.18** "Plaintiffs" mean any and all members of the Settlement Class, including the Named Plaintiff, Class Members, and Collective Members.

**1.19** "Plaintiff's Counsel" means Walcheske & Luzi, LLC.

**1.20** "Releasees" means Defendant and its predecessors and successors, parents, subsidiaries, divisions, and affiliates, and all of each such entity's officers, directors, shareholders, managers, members, claimants, insurers, agents, attorneys and assigns, in their individual and representative capacities.

**1.21** "Settlement," "Settlement Agreement," or "Agreement" means this agreement and the exhibits hereto, which the Parties understand and agree set forth all material terms and conditions of the Settlement between them regarding the FLSA Claims and WWPCL Claims, and which is subject to Court approval.

4

**1.22** "Settlement Effective Date" means a date which is thirty (30) calendar days after the entry of the Final Approval Order.

**1.23** "Settlement Check" means the check issued to each Settlement Class member for their proportionate share of the Net Settlement Fund calculated in accordance with this Agreement.

**1.24** "Settlement Check Void Date" means the 120-day period that a Settlement Class member has to sign and cash a Settlement Check after it is received by the Settlement Class member.

**1.25** "Settlement Class" means all Collective Members and all Class Members.

**1.26** "Settlement Payments" mean the settlement payment amounts attributed to each Settlement Class member, in accordance with Section 3.1.

**1.27** "WWPCL Claims" mean all claims brought by Plaintiff, on behalf of herself and all other similarly situated employees of Defendant, pursuant to Wisconsin's Wage Payment and Collection Laws ("WWPCL"), Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 et seq., Wis. Stat. § 103.001 et seq., Wis. Admin. Code § DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.001 et seq. ("WWPCL Claims"), as alleged in the Complaint.

**1.28** "WWPCL Class" shall be comprised of all Class Members.

**2.      JUDICIAL APPROVAL AND NOTICE TO PLAINTIFFS**

**2.1** This Agreement is a binding agreement and contains all material agreed-upon terms for the Parties to seek a full and final settlement and dismissal of the FLSA Claims and the WWPCL Claims.

**2.2** Preliminary Approval of Settlement

(A)     As soon as practicable after the full execution of this Agreement, Plaintiff's Counsel shall file a Joint Motion for Preliminary Settlement Approval along with this Agreement and all Exhibits attached hereto ("Approval Motion"). Among other things, the Approval Motion will ask the Court to:

1.      Preliminary approve the settlement memorialized in this Agreement as fair, reasonable, and adequate;

2.      Certify this case as a class action under FED.R.CIV.P. 23 for the purpose of settlement only;

3.      Certify this case as a collective action under 29 U.S.C. § 216(b) for the purpose of settlement only;

4.      Appoint of Named Plaintiff, Janet Dexter, as the Class Representative and Collective Representative;

5.  Appoint of Walcheske & Luzi, LLC as Class Counsel pursuant to FED.R.CIV.P. 23(g) and Collective Counsel pursuant to 29 U.S.C. § 216(b);

6.  Approve the Notice Packet in the form of **Exhibit A** for distribution to all Collective and Class members;

7.  Find that the Notice Packet to be sent to all Collective and Class members constitutes the best notice practicable under the circumstances, and constitutes valid, due, and sufficient notice to Collective and Class members in full compliance with the requirements of applicable law, including the Due Process clause of the United States Constitution;

8.  Direct that each Collective member who wishes to be included in the FLSA Collective must opt-in per the instructions set forth in the Notice Packet, and that their response must be postmarked within forty-five (45) days of mailing of the Notice Packet;

9.  Direct that any Collective member who has properly and timely opted-in to the FLSA Collective shall be bound by this Agreement when the Court issues a Final Order Approving Settlement;

10. Direct that each Class member who wishes to be excluded from the WWPCL Class must opt-out per the instructions set forth in the Notice, and that their response must be postmarked within forty-five (45) days of mailing of the Notice Packet;

11. Direct that any Class member who has not properly and timely requested exclusion from the WWPCL Class shall be bound by this Agreement when the Court issues a Final Order Approving Settlement;

12. Schedule a Fairness Hearing approximately 90 to 120 days after the date of preliminary approval;

13. A direction that any Motions, including but not limited to a Motion for Approval of Attorneys' Fees and Costs, a Motion for Approval of Named Plaintiff's Service Award, and a Joint Motion for Final Approval of Settlement, be filed with the Court no later than seven (7) days prior to the Fairness Hearing; and

14. A direction that any Class Member or Collective Member who wishes to object in any way to the proposed Agreement must file and serve such written objections per the instructions set forth in the Notice Packet, which must be postmarked no later than forty-five (45) days after the mailing of the Notice Packet, together with copies of all papers in support of his or her position. The Notice Packet shall state that the Court will not consider objections of any Class Member or Collective Member who has not properly served copies of his or her objections on a timely basis.

6

(B)    Distribution of Notice Packet

     1.    Within five (5) business days after the Court's Preliminary Approval Order, Defendant's Counsel will provide Plaintiff's Counsel with an excel spreadsheet list of the names and last known addresses of the Collective Members and Class Members, according to records maintained by Defendant, in separate columns in the following format: "First Name"; "Last Name"; "Address"; "City"; "State"; and "Zip Code."

     2.    Within fifteen (15) days after the Court's Preliminary Approval Order, Plaintiff's Counsel will send a copy of the Notice Packet to the Collective Members and Class Members via U.S. first-class mail.

     3.    If any Notice Packet is returned as undeliverable, Plaintiff's Counsel will take other appropriate steps to identify and mail the Notice Packet to an alternative address for the respective Collective Members and Class Members.

(C)    Objection to Settlement

Any Class Member or Collective Member who intends to object to the fairness of the Agreement must, by the date specified in the Preliminary Order Approving Settlement, file any such objection with the Court and provide copies of the objection to both Plaintiff's Counsel and Defendant's Counsel.

Any objection to the Agreement must include: (i) the objector's full name, address, and telephone number; (ii) dates of employment at Defendant and job title(s) held; (iii) a written statement of all grounds for the objection, including any legal support for the objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; and (vi) a statement whether the objector intends to appear at the Fairness Hearing.  If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any Class Member or Collective Member who does not file a timely written objection to the settlement and notice of her or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.

(D)    Request for Exclusion

Any Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion postmarked no later than forty-five (45) days after the mailing of the Notice Packet. Any Class Member who fails to submit a timely request to be excluded shall be subject to and bound by this Agreement and every order or judgment entered pursuant to this Agreement.

54597564.1

(E)    Fairness Hearing

On the date set forth in the Preliminary Approval Order or by such other Order as the Court will provide, a Fairness Hearing shall be held at which the Court will: (i) decide whether to certify the Settlement Class; (ii) decide whether to approve the Agreement as fair, reasonable, and adequate; (iii) decide Plaintiff's Counsel's Motion for Attorneys' Fees and Costs; and (iv) decide Named Plaintiff's Service Award.

(F)    Entry of Order Approving Settlement

If this Agreement is approved by the Court, a Final Order Approving Settlement shall be entered as follows:

1.    Certifying the WWPCL Class pursuant to FED.R.CIV.P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2.    Approving the Agreement as fair, reasonable, and adequate as it applies to the WWPCL Class and FLSA Collective;

3.    Appointing Janet Dexter as Class Representative for the WWPCL Class and FLSA Collective;

4.    Appointing Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5.    Declaring the Agreement to be binding on the Parties;

6.    Dismissing on the merits and with prejudice the Complaint;

7.    Dismissing with prejudice the Settlement Class members' released claims;

8.    Dismissing without prejudice the WWPCL Claims of the Settlement Class members who properly and timely excluded themselves in full accordance with the procedures set forth in this Agreement;

9.    Indicating the amount of attorneys' fees and costs to be awarded to Plaintiff's Counsel consistent with the Settlement; and

10.   Indicating the amount of Named Plaintiff's Service Award to be awarded consistent with the Settlement.

2.3    Within fourteen (14) calendar days of the Settlement Effective Date, Defendant will deliver Settlement Checks, as described in Section 3.4, to Plaintiff's Counsel for distribution to the Settlement Class members. Settlement Checks issued pursuant to this Agreement shall expire upon the Settlement Check Void Date, which is one hundred twenty (120) days after issuance. After the Settlement Check Void Date, Defendant will issue a stop payment order on all uncashed or returned checks.  In the event that, before

8

the close of the Settlement Check Void Date, Plaintiff's Counsel becomes aware that a Settlement Class member did not receive the Settlement Check, or if a Settlement Class member reports a lost or destroyed Settlement Check, or otherwise requests reissuance of his or her Settlement Check prior to the Settlement Check Void Date, Plaintiff's Counsel shall so advise Defendant's Counsel and Defendant shall issue a stop payment order on the original check and issue a new check. In no event shall a Plaintiff be issued a replacement check until any prior check sent to them has been cancelled. Any unclaimed monies or Settlement Checks that expire upon the Settlement Check Void Date shall remain and/or revert back to Defendant.

## 3. SETTLEMENT TERMS

### 3.1 Payments to Settlement Class Members

(A) Defendant agrees to pay up to the maximum Gross Settlement Amount, which fully resolves and satisfies any and all amounts to be paid to the Settlement Class pursuant to this Agreement (which shall expire upon the Settlement Check Void Date), Court-approved attorneys' fees and costs to Plaintiffs' Counsel, and a Court-approved Service Award to Named Plaintiff. Defendant will not be required to pay more than the Gross Settlement Amount under the terms of this Agreement, with the exception of Employer Payroll Taxes.

(B) Any portion of the Net Settlement Fund that is unclaimed by Settlement Class members who do not timely sign and cash a Settlement Check, shall remain and/or revert back to Defendant. There shall be no reallocation of unclaimed settlement funds to Settlement Class members.

(C) The Parties anticipate that the Net Settlement Fund will be approximately $3,551.80 (Three Thousand Five Hundred Fifty-One and 80/100 Dollars). The allocation to Settlement Class members will be made from the Net Settlement Fund as follows:

1. Each of the 46 Class Members who do not properly and timely exclude themselves in accordance with this Agreement will receive a check in the individual amounts listed in the "Class Damages" column of **Exhibit B**, which are representative of reasonably approximated overtime wages actually owed during the time period between September 15, 2018 and September 15, 2020; and

2. Each of the 46 Collective Members who opt-in to this Lawsuit will receive a check in the individual amounts listed in the "Liquidated Damages" column of **Exhibit B**, which are representative of reasonably approximated liquidated damages during the time period between September 15, 2018 and September 15, 2020.

**3.2    Attorneys' Fees and Costs**

(A)    Plaintiffs' Counsel will Motion the Court to approve payment of $12,500.00 (Twelve Thousand, Five Hundred Dollars and Zero Cents) from the Gross Settlement Amount as an award of attorneys' fees and reasonable actual case-related costs and administration expenses from the Gross Settlement Amount. Defendant will not oppose these requests.

**3.3    Service Award**

(A)    Plaintiff's Counsel will Motion the Court for a service award payable from the Gross Settlement Amount to Named Plaintiff for the services she rendered to the Settlement Class members in the amount of up to $500.00 (Five Hundred Dollars and Zero Cents). Defendant shall not oppose this request.

(B)    This Service Award and any requirements for obtaining any such payment are separate and apart from, and in addition to, Named Plaintiff's recovery from the Net Settlement Fund as a Plaintiff.

**3.4    Distribution of Payments**

(A)    The payments from the Gross Settlement Amount to Plaintiffs' Counsel for Court-approved attorneys' fees and costs and Named Plaintiff's Service Award shall be sent to Plaintiff's Counsel by Defendant within fourteen (14) days of the Settlement Effective Date.

(B)    Tax Characterization of Payments

1.    The payments to each Class Member pursuant to Section 3.1(C)1. will represent alleged wage relief and will be less all applicable employment taxes, including federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the IRS and the payee under the payee's name and Social Security number on an IRS Form W-2. Defendant shall withhold payroll taxes and other lawful withholdings and will issue each Plaintiff an IRS Form W-2.

2.    The payments to each Collective Member pursuant to Section 3.1(C)2. will be made without withholding and reported to the IRS via Form 1099;

3.    The Parties and their Counsel make no representations as to the taxability of any portions of the settlement payments to any Settlement Class members. Neither Plaintiff's Counsel nor Defendant's Counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

54597564.1

4.      The payment of attorneys' fees and costs pursuant to Section 3.2 will be made to Plaintiff's Counsel without withholding and reported to the IRS via Form 1099.

5.      The payment of Named Plaintiff's Service Award pursuant to Section 3.3 will be made to Named Plaintiff without withholding and reported to the IRS via Form 1099.

## 4.      RELEASE OF CLAIMS

**4.1**    Release By Collective Members. Conditioned upon the Court's issuance of the Approval Order and the entry of Final Approval Order, and in exchange for the monetary consideration recited in this Agreement, Plaintiff hereby agrees to dismiss the FLSA Claim with prejudice, and each Collective Member, including Janet Dexter, will release the Releasees from: any and all wage and hour claims that accrued while employed at Defendant as an hourly paid, non-exempt employee, relating back to the full extent of the applicable statute of limitations and continuing through the date of this Agreement, including, all state and federal claims for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses, and any other claims derived from the alleged failure to pay such wages when due pursuant to Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq.*

**4.2**    Release By Class Members. Conditioned upon the Court's issuance of the Approval Order and the entry of Final Approval Order, and in exchange for the monetary consideration recited in this Agreement, Plaintiff hereby agrees to dismiss the WWPCL Claim with prejudice, and each Class Member, including Janet Dexter, will release the Releasees from: any and all wage and hour claims that accrued while employed at Defendant as an hourly paid, non-exempt employee, relating back to the full extent of the applicable statute of limitations and continuing through the date of this Agreement, including, all state claims for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses, and any other claims derived from the alleged failure to pay such wages when due pursuant to Wisconsin's Wage Payment and Collection Laws ("WWPCL"), Wis. Stat. § 109.01 *et seq.*, Wis. Stat. § 104.01 *et seq.*, Wis. Stat. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and Wis. Admin. Code § DWD 272.001 *et seq.*

## 5.      VOIDING THE AGREEMENT

**5.1**    If the Court rejects the Settlement and/or this Agreement, fails to approve and enter the Final Approval Order in substantially the form submitted by the Parties, or fails to enter Final Approval Order, unless the Parties agree in writing, this Agreement shall be void *ab initio* except as to the provisions expressly stated in this Agreement to survive, and Defendant shall have no obligations to make any payments under the Settlement or this Agreement.

**5.2**    In the event that the Court fails to approve the Settlement and/or this Agreement, the Parties: (a) must attempt to renegotiate the Settlement for the purpose of obtaining Court

approval of a renegotiated Settlement and Agreement; and/or (b) either or both Parties may seek reconsideration or appellate review of the decision denying approval of the Settlement or Agreement. In the event reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement modification is not approved, and the Parties decide to forego further negotiation of a settlement, the FLSA Claims and WWPCL Claims will proceed as if no settlement had been attempted. In that event, nothing in the Settlement or Agreement may be used by or against any Party under Rule 408 of the Federal Rules of Evidence, the Agreement shall have no force or effect, and no Party shall be bound by any of its terms and Defendant shall have no obligation to make any payments pursuant to the terms of this Agreement.

5.3     The Agreement will become final and effective only upon the occurrence of the following events: (a) the Court enters the Final Approval Order and Final Judgment; and (b) the Settlement Effective Date occurs.

## 6.     PARTIES' AUTHORITY

6.1     The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof.

## 7.     MUTUAL COOPERATION

7.1     The Parties agree to reasonably cooperate with each other and to take all steps necessary and appropriate to obtain the Court's approval of this Agreement and all of its terms and to effectuate the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their commercially reasonable efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein. As soon as practicable after execution of this Agreement, Plaintiffs' Counsel shall, with the assistance and cooperation of Defendant and their counsel, take all necessary steps to secure the Court's approval of this Agreement. At no time shall any of the Parties or their counsel: (a) discourage any member of the FLSA Collective from becoming a participating class member; or (b) encourage any member of the FLSA Collective or the WWPCL Class to object to the Agreement or request exclusion from the Agreement.

## 8.     NOTICES

8.1     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

54597564.1

To Named Plaintiff and Settlement Class members:

Attorney Scott S. Luzi
Walcheske & Luzi, LLC
235 N. Executive Drive, Suite 240
Brookfield, WI 53005
Tel: (262) 780-1953
Fax: (262) 55-6469
Email: sluzi@walcheskeluzi.com

To Defendant:

Attorney Anthony J. (Tony) Steffek
Davis & Kuelthau, s.c.
318 South Washington Street, Suite 300
Green Bay, WI 54301
Tel: (920) 431-2237
Fax: (920) 431-2277
Email: asteffek@dkattorneys.com

## 9. NO ADMISSION OF LIABILITY

**9.1**   Defendant denies all of the allegations made by Plaintiff and Settlement Class members in the Complaint and denies that it is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Complaint. The Parties have fully and finally resolved the FLSA Claims and the WWPCL Claims as alleged in the Complaint, and the Parties have agreed to settle the FLSA Claims and WWPCL Claims on the terms and conditions set forth in this Agreement. Neither this Agreement, nor any document referred to herein, nor any action taken to carry out this Agreement, is, or may be construed as, or may be used as an admission, concession or indication by or against Defendant of any fault, wrongdoing or liability whatsoever.

## 10. INTERPRETATION AND ENFORCEMENT/MISCELLANEOUS TERMS

**10.1**   Further Acts. Each Party, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**10.2**   No Assignment. The Parties represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the FLSA Claim, WWPCL Claim, FMLA Claim, or any related action, and any attempt to do so shall be of no force or effect.

**10.3**   Entire Agreement. This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties.

13

**10.4** **Binding Effect.** This Agreement shall be binding upon the Parties and, with respect to the Plaintiffs, their spouses, children, representatives, heirs, Administrators, executors, beneficiaries, conservators, attorneys and assigns.

**10.5** **Arms' Length Transaction.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**10.6** **Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**10.7** **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**10.8** **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Wisconsin, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**10.9** **Waivers in Writing.** No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment with any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**10.10** **Counterparts.** The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same original instrument.

**10.11** **Facsimile, Electronic and E-mail Signatures.** Any Party may execute this Agreement by signing or by causing its counsel to sign, or by e-signature on the designated signature block below and transmitting that signature page via facsimile, e-mail, or other electronic means to counsel for the other Party. Any signature made and transmitted by facsimile, e-signature, or e-mail for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile, e-signature or e-mail.

**10.12** **Signatories.** This Agreement is valid and binding if signed by Defendant's authorized representative and Plaintiff.

54597564.1

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement on the day and year set forth below:

**JANET DEXTER**

*Janet Dexter*

Date: _5 - 7 - 2021_

**CARDINAL RIDGE RESIDENTIAL CARE, LLC**

By: _____

Title: _____

Date: _____

15

54597564.1

**IN WITNESS WHEREOF,** the parties hereto have executed this Agreement on the day and year set forth below:

**JANET DEXTER**

**CARDINAL RIDGE RESIDENTIAL CARE, LLC**

By: _Gary D. Anderson_

Title: _Partner_

Date: _____

Date: _5/18/21_

# NOTICE OF CLASS AND COLLECTIVE ACTION AND PROPOSED SETTLEMENT

## If you worked as an hourly-paid, non-exempt employee of Cardinal Ridge Residential Care, LLC between the dates of September 15, 2017 and September 15, 2020, you may be entitled to compensation under this settlement

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS. PLEASE READ IT CAREFULLY.**

*This is not a solicitation from a lawyer. A Federal Court has authorized this Notice.*

TO: Current and former hourly-paid, non-exempt employees who were employed by Cardinal Ridge Residential Care, LLC between the dates of September 15, 2017 and September 15, 2020 and who worked in excess of forty (40) hours during a workweek and, during any workweek in which the employee worked in excess of forty (40) hours, received a form of non-discretionary compensation, including monetary bonuses, incentives, shift differentials, awards, and/or other rewards and payments.

RE: Settlement of Claims for Alleged Unlawful Compensation Policies and/or Practices

- Janet Dexter (the "Class Representative") filed a lawsuit in the United States District Court for the Eastern District of Wisconsin (Green Bay Division), captioned *Janet Dexter v. Cardinal Ridge Residential Care, LLC,* Case No. 20-cv-1441, alleging that Cardinal Ridge Residential Care, LLC ("Cardinal Ridge") failed to include all forms of non-discretionary compensation in the regular rate of pay of hourly-paid, non-exempt employees' for overtime calculation purposes (the "Lawsuit").

- Cardinal Ridge disputes the material allegations contained in Plaintiff's Complaint and denies any liability to Plaintiff or members of the proposed Settlement Class. Cardinal Ridge asserts that it included all forms of non-discretionary compensation in hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes. Cardinal Ridge solely enters into this Settlement Agreement and Release (the "Settlement") with the Class Representative for the purposes of avoiding costly and time-consuming litigation.

- For settlement purposes only, the Court certified the Lawsuit as a class action and collective action on behalf of hourly-paid, non-exempt employees who worked for Cardinal Ridge, as follows:

  - The following Rule 23 Class has been certified for settlement purposes for Wisconsin state law claims: All individuals who worked as hourly-paid, non-exempt employees at Cardinal Ridge between September 15, 2018 and September 15, 2020, who worked in excess of forty (40) hours during a workweek and, during any workweek in which the employee worked in excess of forty (40) hours, received a form of non-discretionary compensation, including monetary bonuses, incentives, shift differentials, awards, and/or other rewards and payments.

  - The following FLSA Collective has been certified for settlement purposes for federal law claims: All individuals who worked as hourly-paid, non-exempt employees at Cardinal Ridge between September 15, 2017 and September 15, 2020, who worked in excess of forty (40) hours during a workweek and, during any workweek in which the employee worked in excess of forty (40) hours, received a form of non-discretionary compensation, including monetary bonuses, incentives, shift differentials, awards, and/or other rewards and payments.

Exhibit A

- This Notice is to inform you about the status of the Lawsuit, including your potential right to receive a share of the monies set aside by Cardinal Ridge to resolve the Lawsuit (the "Settlement Fund"). **Your legal rights are affected, and you have a choice to make in this action now.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **PARTICIPATE IN THE RULE 23 CLASS** | Recipients of this Notice were employed as an hourly, non-exempt employee at Cardinal Ridge between the dates of September 15, 2018 and September 15, 2020 and worked in excess of forty (40) hours during a workweek and, during the workweek in which the employee worked in excess of forty (40) hours, received a form of non-discretionary compensation, including monetary bonuses, incentives, shift differentials, awards, and/or other rewards and payments. |
| | You are assumed to be a member of the Rule 23 Class and no further action is necessary to participate in the Rule 23 Class. If you are and wish to remain a member of the Rule 23 Class, you will receive an individual amount, less applicable tax withholdings, representative of overtime owed during this time period. |
| | Participation in the Rule 23 Class will release all Wisconsin wage payment collection law ("WWPCL") claims against Cardinal Ridge that arose between September 15, 2018 and September 15, 2020. |
| **EXCLUDE YOURSELF FROM THE RULE 23 CLASS** | As described below, if you exclude yourself, you are excluding yourself from the Rule 23 Class and will not receive any funds from and will be unable to participate in the Settlement if you choose this option, but will retain any rights you may have against Cardinal Ridge over the claims in this case and, if you choose to pursue them, may do so with counsel of your choice. |
| **PARTICIPATE IN THE FLSA COLLECTIVE** | If you wish to participate in the FLSA Collective, you need to sign and date the "Consent to Join Form" and return it to Class Counsel. |
| | Participation in the FLSA Collective will release all federal Fair Labor Standards Act ("FLSA") claims against Cardinal Ridge that arose between September 15, 2017 and September 15, 2020. |

Exhibit A

| | |
|---|---|
| **DO NOTHING** | If you qualify as a member of the Rule 23 Class and you take no further action, you will remain a member of that Class and will receive the Rule 23 Class amount noted above and will be bound by the Settlement. |
| | If you do not qualify as a member of the Rule 23 Class and take no action, you will not be a part of this Lawsuit, you will not receive any funds from the Lawsuit, and you will not be bound by the Settlement. |
| | If you qualify as a member of the FLSA Collective and you take no further action and do not endorse and cash the FLSA settlement check, you will not receive an FLSA settlement payment and will not be bound by the Settlement. |
| **OBJECT** | Write the Court about why you do not like the Settlement. |

**Your options are explained in this Notice.  Please read it carefully.**

## 1. What is this Lawsuit about?

On September 15, 2020, a Complaint was filed against Cardinal Ridge Residential Care, LLC (hereinafter simply, "Cardinal Ridge"). The lawsuit includes claims by the named Plaintiff, Janet Dexter, on behalf of all other similarly situated individuals who worked as hourly-paid, non-exempt employee at Cardinal Ridge between September 15, 2017 and September 15, 2020, who worked in excess of forty (40) hours during a workweek and who, during any workweek in which the employee worked in excess of forty (4) hours, received a form of non-discretionary compensation, including monetary bonuses, incentives, shift differentials, awards, and/or other rewards and payments (the "potentially similarly situated group").

Plaintiff alleges that she and the potentially similarly situated group were not properly and lawfully compensated at the proper, correct, and/or lawful overtime rate of pay for all work performed in excess of forty (40) hours in a workweek, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Specifically, Plaintiff alleges that Cardinal Ridge failed to include all forms of non-discretionary compensation they received, including monetary bonuses, incentives, awards, and/or other rewards and payments, in their regular rates of pay for overtime compensation purposes during workweeks when they worked in excess of forty (40) hours during the representative time period for which non-discretionary compensation covered.

Plaintiff alleges that as a result of these practices, she and the potentially similarly situated group were denied additional overtime compensation at the proper, correct, and/or lawful overtime rate of pay in violation of the FLSA. Cardinal Ridge denies Plaintiff's allegations that it has violated the FLSA, that it failed to properly pay its employees, or that it is liable to Plaintiff or the potentially similarly-situated group. The Court has not considered or made any decisions as to the merits of Plaintiff's claims or Cardinal Ridge's defenses.

The Class Representative and Cardinal Ridge have negotiated a Settlement on behalf of the Rule 23 Class and FLSA Collective as described above. While the Court has not made a final determination on the outcome of the Lawsuit, and while it has not made any decisions as to the merits of Plaintiff's claims or Cardinal Ridge's defenses, it has preliminarily approved the proposed Settlement and authorized this Notice.

3

Exhibit A

## 2. Payments Under the Settlement

For purposes of settlement, a Settlement Fund totaling $16,551.80 was created for payment: to each individual who participates in the Lawsuit (as explained above, as well as in Section 3); of a service payment to the Class Representative; and of Class Counsel's attorneys' fees and costs.

### Payments to Participants

The amounts of the monetary payments for which individuals who participate in the Lawsuit are eligible was determined by calculation of alleged monetary payments owed to putative class and collective members, including the Class Representative, based upon documentation provided by Cardinal Ridge and an approved and agreed-upon methodology by the parties.

### Payment of Attorneys' Fees and Costs

In addition to the above payments, Cardinal Ridge will pay from the total Settlement Fund Class Counsel's reasonable attorneys' fees and costs of $12,500.

## 3. Your Right to Participate and the Effect On Your Legal Rights

The claims at issue in the Lawsuit are pursuant to both state (WWPCL) and federal (FLSA) laws. Depending on your level of participation in the Lawsuit, your legal rights under one or both laws will be impacted. Cardinal Ridge cannot terminate your employment, or treat you any differently because of your participation in, or exclusion from, the Settlement.

### Participate in the Rule 23 Class

For purposes of settlement, the Rule 23 Class is a class comprised of all hourly-paid, non-exempt employees who worked at Cardinal Ridge between September 15, 2018 and September 15, 2020, who worked in excess of forty (40) hours during a workweek and, during any workweek in which the employee worked in excess of forty (40) hours, received a form of non-discretionary compensation, including monetary bonuses, incentives, shift differentials, awards, and/or other rewards and payments. All recipients of this Notice who were employed at any time between these dates are assumed to be participants in the Rule 23 Class and no further action is necessary to participate in the Rule 23 Class. Should the Settlement be approved by the Court, participation in the Rule 23 Class will result in the release of all WWPCL claims that were or could have been asserted in the Lawsuit through the date of the Final Order Approving Settlement.

### Participate in the FLSA Collective

For settlement purposes, the FLSA Collective is a collective comprised of all hourly-paid, non-exempt, employees who worked at Cardinal Ridge between September 15, 2017 and September 15, 2020, who worked in excess of forty (40) hours during a workweek and, during any workweek in which the employee worked in excess of forty (40) hours, received a form of non-discretionary compensation, including monetary bonuses, incentives, shift differentials, awards, and/or other rewards and payments. Individuals who wish to participate in the FLSA Collective in addition to the Rule 23 Class **must** return the "Consent to Join Form" to Class Counsel.

### If You Request to be Excluded

If you qualify as a member of the Rule 23 Class and you do not want to participate in the Lawsuit whatsoever, you must submit a request for exclusion. To be effective, the request for exclusion must: (i) include your full name, address, and telephone number; (ii) include your dates of employment at Cardinal Ridge and job title(s); and, (iii) specifically state your desire to be excluded from the settlement in *Janet Dexter v. Cardinal Ridge Residential Care, LLC,* Case No. 20-cv-1441. If you exclude yourself, you will not receive any monies from the Settlement Fund, you will not be bound by the terms of the Settlement, and you will not release any state or

Exhibit A

federal law claims against Cardinal Ridge. **You must submit your request for exclusion on or before <mark>DATE</mark>** to Class Counsel.

If you are a member of the Rule 23 Class, failure to include the required information or to timely submit your request will result in your remaining a member of the Rule 23 Class and being bound by any final judgment.

## If You Object

If you wish to participate in the Lawsuit and Settlement and you do not request to be excluded, you may object to the terms of the Settlement. If you object and the Settlement is approved, and you fail to submit a timely valid request to be excluded, you will be barred from bringing your own individual lawsuit asserting claims related to the matters released through this Settlement, and you will be bound by the final judgment and release and all Orders entered by the Court. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs.

You must file any objection to the Settlement with the Court on or before <mark>DATE</mark> and provide copies of the objection to: Attorney Scott S. Luzi, Walcheske & Luzi, LLC, 235 N. Executive Drive, Suite 240, Brookfield, WI 53005; Fax: (262) 55-6469; Email: sluzi@walcheskeluzi.com; and to: Attorney Anthony J. (Tony) Steffek, Davis & Kuelthau, s.c., 318 South Washington Street, Suite 300, Green Bay, WI 54301; Fax: (920) 431-2277; Email: asteffek@dkattorneys.com.

The objection shall state (i) your full name, address, and telephone number; (ii) your dates of employment at Cardinal Ridge and job title(s); (iii) a written statement of your factual and legal support for your objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; and (vi) a statement whether you intend to appear at the Fairness Hearing. If you intend to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing.

If you do not timely make your objections in this manner, you will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

| 4. Class Counsel |
|---|

The Court appointed the following lawyers as Class Counsel to represent the Rule 23 Class and FLSA Collective:

> Attorney Scott Luzi
> Walcheske & Luzi, LLC
> 235 N. Executive Drive, Suite 240
> Brookfield, Wisconsin 53005
> Telephone: (262) 780-1953
> Fax: (262) 565-6469
> Email: sluzi@walcheskeluzi.com

If you participate in the Lawsuit, your interests will be represented by Class Counsel.

Please direct any questions you have about the Lawsuit, the Settlement, and/or your rights and options under the Settlement to Class Counsel. **Do not contact the Court.**

Exhibit A

## 5.  The Fairness Hearing

A hearing will be held before the Honorable William C. Griesbach, United States District Court for the Eastern District of Wisconsin, Green Bay Division, 125 South Jefferson Street, Room 102, Green Bay, Wisconsin 54301, on MONTH & DATE, 2021 at TIME. The purpose of the hearing is for the Court to decide whether the proposed Settlement is fair, reasonable, and adequate and should be approved and also to approve the enhancement payment and reimbursement of Class Counsel's attorneys' fees and costs.  The location, time, and date of this hearing may be changed without further notice.

If the Court approves the proposed Settlement, it will enter a judgment that will dismiss the Lawsuit with prejudice on the merits as to all Rule 23 Class members who do not exclude themselves and all FLSA Collective members who consent to join the Settlement. The payments to which you are entitled as result of your participation in the Lawsuit would follow.

If the Court does not approve the proposed Settlement, the case will proceed as if no settlement has been attempted and there can be no assurance that the class will recover more than is provided for in this Settlement or, indeed, anything.

## 6.  Further Information

For additional information you may contact Class Counsel, whose contact information is provided in Section 4, above.

**NO INQUIRIES SHOULD BE DIRECTED TO THE COURT**

Exhibit A

## CONSENT TO JOIN FORM

Pursuant to 29 U.S.C. §216(b), I hereby consent to make a claim against Cardinal Ridge Residential Care, LLC (simply "Cardinal Ridge") for overtime wages owed for and/or for any other claim for wages brought in this action against Cardinal Ridge. If this case does not proceed collectively, I also consent to join any subsequent action to assert these claims against Cardinal Ridge. I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf and designate Janet Dexter as class representative to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit. During the past three years, I believe I worked for Cardinal Ridge and was not compensated properly or lawfully with overtime compensation.

**NAME**:
*Nombre*                              _____
                                       Print Name


**SIGNATURE**:
*Firma*                               _____
                                       Sign Name


**DATE**:
*Fecha*                               _____
                                       Date


**PLEASE RETURN TO**:              Walcheske & Luzi, LLC
*Favor de regresar esta forma a*:

**BY MAIL**                        Walcheske & Luzi, LLC
*Por correo*                       235 N. Executive Drive, Suite 240
                                   Brookfield, Wisconsin 53005


                                            or

**BY FAX**                         (262) 565-6469
*Por fax*
                                            or

**BY E-MAIL**                      sluzi@walcheskeluzi.com
*Por correo electronico*

7

Exhibit A

| Employee | Class Damages | Liquidated Damages |
|----------|---------------|--------------------|
| Ahrens, Ashley | $ 0.70 | $ 0.35 |
| Alrand, Annette | $ 4.08 | $ 2.04 |
| Boltz, Sally | $ 8.59 | $ 4.30 |
| Bongle, Dora | $ 15.23 | $ 7.62 |
| Brown, Shaquesha | $ 0.35 | $ 0.18 |
| Bryan, Sarah | $ 0.07 | $ 0.04 |
| Brzeczkowski, Cathy | $ 156.41 | $ 78.21 |
| Casiano Cruz, Tayleen | $ 7.01 | $ 3.51 |
| Cwiak, Susan | $ 6.93 | $ 3.46 |
| Dexter, Janet | $ 2.22 | $ 1.11 |
| Dinsomoore-Hilsabeck, Cassandra | $ 4.28 | $ 2.14 |
| Engebose, Roberta | $ 3.99 | $ 1.99 |
| Gleason, Gabrielle | $ 22.98 | $ 11.49 |
| Gondeck, Erin | $ 477.21 | $ 238.61 |
| Hawkins, Jacqueline | $ 120.10 | $ 60.05 |
| Hein, Rachael | $ 0.11 | $ 0.06 |
| Helfer, Joyce | $ 245.56 | $ 122.78 |
| Hilsabeck, Tiffany | $ 6.38 | $ 3.19 |
| Hoosier, Vicky | $ 39.93 | $ 19.97 |
| Jorgensen, Roseanna | $ 80.81 | $ 40.41 |
| Kaster, Liz | $ 15.67 | $ 7.83 |
| Knutson, Makayla | $ 1.85 | $ 0.93 |
| Konrae, Kerrianne | $ 14.45 | $ 7.23 |
| Krummery, Kayla | $ 21.84 | $ 10.92 |
| Lardinois, McKenna | $ 2.54 | $ 1.27 |
| Lemere, Briley | $ 1.63 | $ 0.82 |
| McLeod, Melissa | $ 9.58 | $ 4.79 |
| Samson, Josh | $ 311.54 | $ 155.77 |
| Sandin, Kirsten | $ 4.56 | $ 2.28 |
| Schein, Regina | $ 39.64 | $ 19.82 |
| Schmitz, Kathy | $ 5.20 | $ 2.60 |
| Smith, Laurie | $ 0.50 | $ 0.25 |
| St. John, Sarah | $ 0.67 | $ 0.34 |
| Stauff, Julia | $ 4.01 | $ 2.01 |
| Thiry, Neely | $ 0.04 | $ 0.02 |
| Thompson, Chrstine | $ 608.48 | $ 304.24 |
| Vandertie, Jennifer | $ 1.37 | $ 0.69 |
| Vorpahl, Wendy | $ 2.21 | $ 1.10 |
| Walker, Kendra | $ 0.78 | $ 0.39 |
| Webber, Andrea | $ 1.66 | $ 0.83 |
| Wheaton, Lauren | $ 0.99 | $ 0.50 |
| Whiting, Shelly | $ 5.68 | $ 2.84 |
| Willard, Aleethea | $ 56.60 | $ 28.30 |
| Wing, Trisha | $ 1.71 | $ 0.86 |
| Wint, Dwayne | $ 11.42 | $ 5.71 |
| Writt, Nancy | $ 40.49 | $ 20.25 |

Exhibit B