UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

JANET DEXTER
on behalf of herself and all
others similarly situated,

          Plaintiff,                            Case No. 20-cv-1441

          v.

CARDINAL RIDGE RESIDENTIAL CARE, LLC

          Defendant

## JOINT MOTION FOR FINAL SETTLEMENT APPROVAL

Plaintiff, Janet Dexter, on behalf of herself and all others similarly-situated, and Defendant, Cardinal Ridge Residential Care, LLC, jointly move this Court for final settlement approval in this matter in accordance with the parties' executed Settlement Agreement. (ECF No. 19-1.)

## PROCEDURAL SETTLEMENT BACKGROUND

On May 18, 2021, this Court granted the parties' Joint Motion for Preliminary Approval of Settlement, (ECF No. 22), and, among other things, preliminarily approved the parties' Settlement Agreement, (ECF No. 19-1), as a fair, reasonable, and adequate resolution of a bona-fide dispute under the FLSA and the WWPCL.

On May 21, 2021, Plaintiff's counsel distributed the Notice Packet to approximately forty-six (46) putative class and collective members via U.S. first-class mail. (Declaration of Scott S. Luzi ("Luzi Decl."), ¶ 11.) The Notice period ended on July 6, 2021. (*Id.*) In total, Plaintiff's counsel received signed "Consent to Join Form" forms from approximately nine (9)

individuals, which were filed with this Court. (*Id*.; *see also* ECF Nos. 23 to 25-1.) To date, Plaintiff's counsel has not received any requests for exclusion (or, "opt outs"), or any objections to the Settlement Agreement. (Luzi Decl., ¶ 11.)

The Class and Collective Members will each receive a check in their individual and respective amounts as listed in Exhibit B to the parties Settlement Agreement. (Luzi Decl., ¶ 11; ECF No. 19-1, Ex. B.) In total, Defendant will pay $290.75 to the Collective Members from the Collective Fund, and Defendant will pay $2,368.05 to the Class Members from the Class Fund. (Luzi Decl., ¶ 11.)

## REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION

Within fourteen (14) calendar days of after the entry of the Final Approval Order, Defendant will deliver Settlement Checks, Plaintiff's Counsel Court-approved attorneys' fees and costs, and Named Plaintiff's Service Award to Plaintiff's Counsel for distribution to the Settlement Class members. Settlement Checks will expire one hundred and twenty (120) days after issuance, and any "unclaimed monies" will revert back to Defendant. (ECF No. 19-1, ¶ 2.3.)

## ARGUMENT

### I. FINAL SETTLEMENT APPROVAL STANDARD

A Court may approve of the settlement of a Fed. R. Civ. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the

class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted).

The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)). Ultimately, resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996).

## II.   FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involved bona fide disputes regarding whether Defendant violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability, class and collective certification, and damages. Between approximately December 2020 and April 2021, counsel for the parties: debated and analyzed their respective legal arguments and factual positions; communicated directly and engaged in substantive arms-length settlement negotiations regarding legal authority relevant to Plaintiff's cause(s) of action and Defendant's defenses; exchanged relevant documentation, including Plaintiff's payroll records, Plaintiff's time records, and class-related information, such as the payroll and overtime calculation data for hourly-paid, non-exempt employees between September 2017 and September 2020; created and exchanged detailed damages models and monetary settlement calculations; and discussed other monetary

and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. Upon concluding that hat the prospect of resolution outweighed the continued time, effort, expense, and risk of litigation for both parties – including extensive written discovery, depositions, document review and production, and the filing of conditional certification, certification, decertification, and dispositive motions – counsel for the parties worked directly to draft and finalize the Settlement Agreement, which the parties believe is fair, reasonable, and adequate given all the considerations above. (Luzi Decl., ¶ 7.)

## CONCLUSION

For all of the reasons herein, the parties respectfully request that this Court:

1.  Certify the WWPCL Class pursuant to FED.R.CIV.P. 23;

2.  Certify the FLSA Collective pursuant to 29 U.S.C. § 216(b);

3.  Approve the Settlement Agreement as fair, reasonable, and adequate as it applies to the WWPCL Class and FLSA Collective;

4.  Appoint Janet Dexter as Class Representative for the WWPCL Class and FLSA Collective;

5.  Appoint Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

6.  Grant Plaintiff's Motion for Approval of Attorneys' Fees and Costs, (ECF No. 27), in the amount of $12,500.00;

7.  Grant Plaintiff's for Motion Approval of Plaintiff's Service Award, (ECF No. 31), in the amount of $500.00;

8.  Order that the Settlement Agreement is binding on the Parties;

9.  Dismiss with prejudice the Settlement Class members' released claims;

10. Dismiss without prejudice the FLSA Claims of individuals who did not file "Consent to Join Form" forms with the Court;

11. Dismiss without prejudice the WWPCL Claims of individuals who properly and timely excluded themselves in full accordance with the procedures set forth in the Settlement Agreement; and

12. Dismiss this matter on the merits and with prejudice

Dated this 26th day of July, 2021

*s/ Scott S. Luzi*
Scott S. Luzi, SBN 1067405
WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Email: sluzi@walcheskeluzi.com

*Attorneys for Plaintiff*

*s/ Anthony J. Steffek*
Anthony J. Steffek, SBN 1053615
DAVIS & KUELTHAU, s.c.
318 Washington Street, Suite 300
Green Bay, Wisconsin 54301
Telephone: (920) 431-2237
Email: asteffek@dkattorneys.com

*Attorneys for Defendant*